1  Matthew B. Lehr (Bar No. 213139)
   Diem-Suong T. Nguyen (Bar No. 237557)
2  Chung G. Suh (Bar No. 244889)
   DAVIS POLK & WARDWELL
3  1600 El Camino Real
   Menlo Park, California  94025
4  Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
5
   Attorneys for Plaintiff
6  VNUS Medical Technologies, Inc.

7  (additional counsel on signature line)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC., | CASE NO. C08-04234 MMC |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |
| v. | |
| TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS | Judge:   Hon. Maxine M. Chesney |
| Defendant. | |

The parties anticipate that discovery in this case will involve the disclosure of confidential information, and therefore agree to the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

1.  Designation of Confidential Material.

    (a)  General.  Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in connection with this litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only."  All such information and material derived from it constitutes "Designated Material" under this Protective Order.  As a general guideline, Designated Material shall be so designated for the

1

purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets, or personal or financial affairs.  A Designating Party may designate information "Confidential-Attorneys' Eyes Only" when the information is particularly sensitive because it relates to trade secrets, technical information, technical practices or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties.

(b) <u>Designation Procedure</u>.  A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items, or information "Confidential" or "Confidential-Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential-Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.

(c) <u>Designation Procedure For Deposition Testimony.</u>  With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, may designate such testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" either on the record at the deposition or within thirty (30) days after the mailing of the deposition transcript by the court reporter.  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential-Attorneys' Eyes Only."

2. <u>Use of Designated Material.</u>  Absent a specific order by this Court, Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; except that nothing in this Protective Order shall preclude any party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential" or "Confidential- Attorneys' Eyes Only."

3. <u>Access to Material Designated "Confidential."</u>  Material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may not be provided to any third party.  Material designated "Confidential" may be submitted to the Court only if submitted under seal in accordance with Paragraph 7 below.

4. <u>Access to Material Designated "Confidential-Attorneys' Eyes Only."</u>  Material designated "Confidential- Attorneys' Eyes Only" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

    (a) persons identified on the face of the Designated Material or in the associated metadata as authors or recipients thereof;

    (b) outside litigation attorneys for the parties who are employed by the firms of record in this case, their staffs, and professional litigation support vendors retained by them;

    (c) qualified persons taking testimony involving "Confidential- Attorneys' Eyes Only" information, and necessary stenographic and clerical personnel thereof;

    (d) independent consultants or experts and their staffs, if cleared by the parties pursuant to Paragraph 5 of this Protective Order;

    (e) the Court and its staff; and

    (f) a party's in-house counsel or outside general counsel with the consent of the Designating Party, provided:

        (i)    Such consent will not be unreasonably withheld, and the refusal to grant such consent shall be based on the Designating Party's good faith concerns about protecting intellectual property rights or competitive business information from the requesting party's employees or representatives; and

        (ii)    The Designating Party may condition its consent on the material requested not being provided to any attorney involved in prosecuting patents or making decisions regarding the party's competitive position as to the Designating Party.

5.    <u>Clearance Procedure for Consultants and Experts</u>.  Designated Material may be provided to an independent consultant or expert as described in Paragraph 4(d) only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert.  With the written notice shall be included a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed by the consultant or expert.  If the Designating Party objects, in writing, to disclosure of Designated Material to the consultant or expert within the ten (10) day period, no disclosure of Designated Material may be made to the consultant or expert pending resolution of the objection.  If the parties cannot resolve the issue informally, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert.  Until the Court rules on the matter, no disclosure of Designated Material to the consultant or expert shall be made.

6.    <u>Treatment of Designated Material</u>.  Copies of Designated Material may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.  Material designated "Confidential Attorneys' Eyes Only" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in this Paragraph.  Such information may be stored or viewed only at or on:

        (a)    the physical offices of outside attorneys of record in this litigation, or of professional litigation support vendors retained by such attorneys;

(b) the physical offices of consultants or experts cleared under Paragraph 5 of this Protective Order;

(c) the site where any deposition relating to the information is taken;

(d) the Court;

(e) any intermediate location reasonably necessary to transport the information (*e.g.,* a hotel prior to a deposition); or

(f) computers/servers/other electronic media of the outside attorneys of record in this litigation, professional litigation support vendors employed by outside attorneys of record, or experts and consultants cleared under Paragraph 5, provided those persons have a reasonable expectation of confidentiality associated with the computers/servers/other electronic media.

Such information may also be viewed electronically at the physical office of a party's in-house counselor outside general counsel, provided that the information is not stored at the location and that such counsel may receive the information under Paragraph 4(f) of this Protective Order.

7. <u>Filing of Designated Material with the Court</u>. A party that wishes to file Designated Material with the Court (as pleadings or evidence) shall follow the procedure outlined in Local Rule 79-5. Administrative Motions to File Under Seal pursuant to Local Rule 79-5 may be filed on the same day the Designated Material is deposited with the Court.

8. <u>Errors in Designation</u>. A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

9. <u>Improper Disclosure</u>.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

10. <u>Objections to Designations</u>.  If at any time during the pendency of this litigation any party claims that information is not appropriately designated or that permission for in-house or outside general counsel to view certain material has been improperly withheld (the "Objecting Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party.  Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing.  If the Designating Party and the Objecting Party cannot resolve the dispute by informal conference, the Objecting Party may move for an order from the Court for re-designation within ten (10) calendar days from service of the Designating Party's written response.  If the Objecting Party moves for an order from the Court for re-designation, the Designating Party shall bear the burden to establish that the original designation complies with the guidelines and limitations described in Paragraph 1.  The original designation shall remain effective until three (3) days after the Court's entry of an order re- designating the materials.

11. <u>Use of Designated Material at Trial or other Court Proceedings.</u>  This Protective Order, insofar as it restricts the dissemination and use of Designated Material, shall not apply to the introduction of evidence at trial or the display or discussion of Designated Material during hearings held by the Court, including but not limited to claim construction and summary judgment hearings.  However, any Party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by this Protective Order during the trial or other Court proceeding, requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial or other Court proceeding.

12. <u>Inadmissibility of Designation.</u>  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this

6

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION   C08-04234 MMC

Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

13. <u>Inadvertent Production.</u>  Counsel shall take reasonable steps to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials.  The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production.  If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party.  The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party.  The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

14. <u>Notification of Subpoena, Document Request, or Order in Other Litigation</u>.  If a Receiving Party is served with a subpoena, document request, or order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential- Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) days after receiving the subpoena, document request, or order.  Such notification must include a copy of the subpoena, document request, or order.  The Designating Party shall bear the burden and expense of seeking to protect the requested material from production in the other litigation.

15. <u>Final Disposition of Designated Material.</u>  Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days.  However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If Designated

Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

16. <u>Survival.</u>  The terms of this Protective Order shall survive termination of this litigation.

Assent to the entry of the foregoing Protective Order is hereby given by the parties by and through their attorneys, except that defendant Total Vein Solutions d/b/a Total Vein Systems ("TVS") conditions its assent to Paragraph 2 ("Use of Designated Material") of this Protective Order upon the consolidation of the instant case with a related case, *VNUS Medical Technologies, Inc. v. biolitec et al.,* Case No. C08-03129 MMC (the "Related Case").  In the event that this case and the Related Case are not consolidated, TVS requests modification of Paragraph 2 of this Protective Order to allow Designated Material in this case to be used by the parties in the Related Case.

Dated:   November 13, 2008                     Respectfully Submitted,

                                                     ATTORNEYS FOR PLAINTIFF
                                                     VNUS MEDICAL TECHNOLOGIES, INC.


                                             By:  /s/ Suong T. Nguyen
                                                     Matthew B. Lehr (Bar No. 213139)
                                                     Diem-Suong T. Nguyen (Bar No. 237557)
                                                     Chung G. Suh (Bar No. 244889)
                                                   DAVIS POLK & WARDWELL
                                                   1600 El Camino Real
                                                   Menlo Park, CA  94025
                                                   (650) 752-2000/(650) 752-2111 (fax)
                                                   mlehr@dpw.com
                                                   nguyen@dpw.com
                                                   gsuh@dpw.com

                                                 ATTORNEYS FOR DEFENDANT TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS

          By:  /s/ Henry Pogorzelski
Jerry R. Selinger (admitted *pro hac vice*)
PATTERSON & SHERIDAN LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Telephone: 214-720-2200
Facsimile: 713-623-4846
E-mail: jselinger@pattersonsheridan.com

Henry Pogorzelski (admitted *pro hac vice*)
PATTERSON & SHERIDAN LLP
3040 Post Oak Blvd., Suite 1500
Houston, TX 77056-6582
(713) 623-4844/(713) 623-4846
hpogorzelski@pattersonsheridan.com

John C. Carey (Bar No. 214800)
PATTERSON & SHERIDAN LLP
250 Cambridge Avenue, Suite 300
Palo Alto, California 94306-1549
Telephone: 650-330-2310
Facsimile: 650-330-2314
E-mail: jcarey@pattersonsheridan.com

    I hereby attest that I have on file written permission to sign this joint statement and report from all parties whose signatures are indicated by a "conformed" signature (/s/) within this e-filed document.

          /s/ Suong T. Nguyen
          Suong T. Nguyen

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  November 18, 2008

          _____
          MAXINE M. CHESNEY
          United States District Judge

EXHIBIT A

Matthew B. Lehr (Bar No. 213139)
Diem-Suong T. Nguyen (Bar No. 237557)
Chung G. Suh (Bar No. 244889)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

Attorneys for Plaintiff
VNUS Medical Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS <br><br> Defendant. | CASE NO. C08-04234 MMC <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** <br><br> Judge:    Hon. Maxine M. Chesney |

**ACKNOWLEDGEMENT**

I, _____, hereby declare as follows:

    1.    My present employer is _____

    2.    My business address is _____

    3.    My occupation is _____

    4.    In the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary):

    5.    I have reviewed a copy of the Stipulated Protective Order Regarding Confidential Information in this action ("Protective Order"), and I understand and agree to be bound by its terms and provisions.

6. I will hold in confidence, will not disclose to anyone not qualified or cleared under the Protective Order, and will use only for approved purposes in this litigation, any "Confidential" or "Confidential Attorneys' Eyes Only" information which is disclosed to me.

7. I will return all "Confidential" or "Confidential - Attorneys' Eyes Only" information which comes into my possession, and all documents or things which I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

8. I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

By: _____